O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6(lc)

CIVIL MINUTES - GENERAL

| Case No. | **CV 12-9795 PSG** (consolidated with 12-9983 PSG, 12-10037 PSG, 12-10039 PSG, 12-10085 PSG) | Date | February 21, 2013 |
|---|---|---|---|
| Title | *In re Thinkfilm, LLC* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**      (In Chambers) Order DENYING Appellant's Leave to Appeal Bankruptcy Court Order

     Before the Court is a motion by David Bergstein ("Appellant") seeking leave to appeal a Bankruptcy Court order. Dkt. # 8.[1] The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court DENIES the motion.

I.      Background

This case arises from a number of involuntary Chapter 11 bankruptcy cases filed by creditors Aramid Entertainment Fund, Ltd., Screen Capital International Corp., and other petitioning creditors against ThinkFilm, R2D2, LLC ("R2D2"), CT-1 Holdings, LLC ("CT-1"), Capco Group, LLC ("Capco"), and Capitol Films Development, LLC ("CFD") (collectively, the "Debtors"). On December 18, 2012, Appellant moved for leave to appeal a Bankruptcy Court order denying Appellant's motion to dismiss. *Mot*. 3:4-6. Appellant's underlying motion to dismiss was based on allegations that the related cases (the "Cases") were filed in bad faith as

---

[1] David Bergstein filed five separate appeals before the cases were consolidated. Two of the five appeals sought to appeal a November 2, 2012 order, and the other three orders sought to appeal a November 6, 2012 order. However, the content of the November 2, 2012 order and the November 6, 2012 orders are the same, as are the corresponding requests for leave to appeal. Accordingly, the Court treats the motions as one motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6(lc)

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-9795 PSG** (consolidated with 12-9983 PSG, 12-10037 PSG, 12-10039 PSG, 12-10085 PSG) | Date | February 21, 2013 |
|---|---|---|---|
| Title | *In re Thinkfilm, LLC* | | |

part of a fraudulent scheme to attempt to deceive the court as to the existence of legitimate claims.[2]  *Mot*. 3:16-20.  On November 2, 2012 and November 6, 2012, the Bankruptcy Court denied Appellant's motions.  *Mot.* Ex. 1.  Appellant now seeks leave to appeal the Orders, contending that this Court should reverse the Bankruptcy Judge's decision and dismiss the Cases.

II.   Legal Standard

District courts have jurisdiction to hear appeals from final judgments, orders and decrees, and interlocutory orders and decrees with leave of the court.  28 U.S.C. § 158(a)(1) and (3).  Leave to appeal an interlocutory order must be sought by timely motion.  Fed. R. Bank. P. 8003(a).

A party may appeal a bankruptcy court's interlocutory order only "with leave of the court."  *See* 28 U.S.C. § 158(a)(3).  While district courts have discretionary authority to hear interlocutory appeals, review of interlocutory orders is generally disfavored.  *See In re Fones4all Corporation*, No. CV-01443 JHN, 2010 WL 1172246, at *1 (C.D. Cal. Mar. 23, 2010).  Specifically, the Ninth Circuit has explained that courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met:  "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).[3]

---

[2]The Cases consist of the Chapter 11 bankruptcy cases of R2D2, LLC, 2:10-bk-19924-BR; In re ThinkFilm, LLC, 2:10-bk-19912-BR; In re CT-1 Holdings, LLC, 2:10-bk-19927-BR; In re Capco Group, LLC, 2:10-bk-19929-BR; and In re Capitol Films Development, LLC, 2:10-bk-19938-BR.

[3] Courts have also applied the analogous standard set forth in 28 U.S.C. § 1292(b) to bankruptcy appeals, requiring that the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and that immediately appealing the order would materially advance the ultimate termination of the litigation.  *In re Price*, 79 B.R. 888, 889 (9th Cir. BAP 1987) ("Although section 1292(b) deals with appeals of interlocutory orders from district courts to courts of appeals, it is appropriate for this Panel to adopt such standards for appeals from the bankruptcy court.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6(lc)

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-9795 PSG** (consolidated with 12-9983 PSG, 12-10037 PSG, 12-10039 PSG, 12-10085 PSG) | Date | February 21, 2013 |
|---|---|---|---|
| Title | *In re Thinkfilm, LLC* | | |

III. Discussion

Here, Appellant seeks leave to challenge the Bankruptcy Court's November 2, 2012, and November 6, 2012 Orders denying Appellant's Motion to Dismiss. *Mot*. Ex. 1. Appellant argues that the Orders are a final order. However, the Ninth Circuit has held that the denial of a motion to dismiss is an interlocutory order. *Dunkley v. Rega Properties, Ltd.* (*In re Raga Properties, Ltd.*), 894 F.2d 1136, 1138, n.4 (9th Cir. 1990), *cert denied*, 498 U.S. 898 (1990); *Leisure Dev. Inc. v. Burke (In re Burke)*, 95 B.R. 716, 717 (9th Cir. BAP 1989) (citation omitted); *In re Bertain*, 215 B.R. 438, 441 (9th Cir. BAP 1997) (same).

Appellant argues that if the appeal is not considered a final order, the Court should exercise its discretion and grant Appellant leave to appeal the Order pursuant to 28 U.S.C. § 158(a)(3). Generally, interlocutory orders are not appealable as of right. *In re Bertain*, 215 B.R. at 441.

Here, Appellant fails to show that the matter involves a "controlling question of law as to which there is a substantial ground for difference of opinion." *In re NSB Film Corp.*, 167 B.R. at 180. A "controlling question of law" is a question in which "the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026. Here, the alleged "controlling question" is whether a Bankruptcy Court, in an involuntary bankruptcy case after entry of an order for relief, can deny the Motion to Dismiss without analyzing the affirmative defense that an involuntary petition was not filed in good faith. *Mot.* 5-6; *Opp.* 10-11.

While Appellant has presented a controlling question of law, Appellant fails to show that there is substantial ground for difference of opinion. Appellant has only cited to one case from a bankruptcy court in a different jurisdiction that reaches a different conclusion than the Bankruptcy Court reached here. *See In re Basil Street Partners, LLC*, 477 B.R. 846, 848, 854 (M.D. Fla. 2012). In *Basil*, the court ruled on the issue of whether an involuntary petition was filed in good faith, denying a motion to dismiss. *Id.* at 848. However, in *Basil*, an order for relief had not been entered, nor had the court imposed terminating sanctions. *Id.* at 854. By contrast, in this case, the Bankruptcy Court entered an order for relief in each of the Cases long before Appellant filed the Motion to Dismiss. The Ninth Circuit has recognized that where an order for relief has been entered, the Court need not reach the affirmative defense that the involuntary petition was not filed in good faith. *Marciano v. Fahs (In re Marciano),* 459 B.R.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6(lc)

CIVIL MINUTES - GENERAL

| Case No. | **CV 12-9795 PSG** (consolidated with 12-9983 PSG, 12-10037 PSG, 12-10039 PSG, 12-10085 PSG) | Date | February 21, 2013 |
|---|---|---|---|
| Title | *In re Thinkfilm, LLC* | | |

27, 44-45 (9th Cir. BAP 2011) (citing *In re Ross*, 63 B.R. 951, 955 (Bkrtcy. S.D.N.Y. 1986) ("the Court need not reach the affirmative defense that the involuntary petition was not filed in good faith if an order for relief is entered.").

     Moreover, even if *Basil* were directly opposed to this case, the caselaw interpreting the "substantial ground for difference of opinion" requirement has shown that the threshold showing is high.  *See In re Stewart*, 157 B.R. 893, 896 (9th Cir. BAP 1993) (finding a "substantial ground for difference of opinion" where two unpublished opinions in the Bankruptcy Court of the Central District of California took opposing positions on the issue of limitations on the payment of interim compensation); *In re Magno*, 216 B.R. 34, 38 (9th Cir. BAP 1997) (finding a "substantial ground for difference of opinion" where there was "a legal issue as to which there is no Ninth Circuit case law precisely on point.").  By contrast, in this case, Appellant attempts to show a "substantial ground for difference of opinion" based on a case that is not binding on any court in this circuit.  *See In re Barakat*, 173 B.R. 672, 278 (C.D. Cal. 1994) ("Since bankruptcy decisions are subject to appellate review by the district court of that district, but not of any other district, they cannot be binding on bankruptcy courts from other districts.").

     Likewise, Appellants fail to establish that "immediate appeal [would] materially advance the ultimate termination of the litigation."  Appellant argues that interlocutory review of the Bankruptcy Court's order will not delay resolution of the cases.  To the contrary, appealing an interlocutory order that denied a motion to dismiss will require the parties to spend their time and resources litigating the appeal before this Court and will delay the ultimate resolution of the litigation.  *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("an interlocutory appeal might well have the effect of delaying the resolution of this litigation").

     Accordingly, because Appellant fails to establish that interlocutory review is appropriate under the three-factor standard articulated by the Ninth Circuit, the Court declines to exercise its discretionary authority to grant Appellant leave to appeal the Bankruptcy Court's Order.

IV.    <u>Conclusion</u>

     For the foregoing reasons, Appellant's motion is DENIED.

**IT IS SO ORDERED**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6(lc)**

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-9795 PSG** (consolidated with 12-9983 PSG, 12-10037 PSG, 12-10039 PSG, 12-10085 PSG) | Date | February 21, 2013 |
|---|---|---|---|
| Title | *In re Thinkfilm, LLC* | | |

**cc: Bankruptcy Court**
   **Bankruptcy Appellate Court**